UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

PRUDENCE JEFFERS,

                           Plaintiff,

    -v-

ALLYNE R. ROSS, Active Federal Judge,

                           Defendant.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
08-CV-1883 (ENV)

**VITALIANO, United States District Judge.**

Plaintiff Prudence Jeffers filed this *pro se* action on May 6, 2008. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order, but dismisses the complaint for the reasons discussed below.

## BACKGROUND

Plaintiff files this action against United States District Judge Allyne R. Ross, complaining of events related to a criminal action against her in this court in which Judge Ross presides. In December 2007, plaintiff was convicted of multiple charges of social security identification theft. See USA v. Jeffers, 06-CR-848 (ARR). Plaintiff is awaiting sentencing.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141



F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). Since plaintiff proceeds *pro se,* the complaint is held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980).

## DISCUSSION

Plaintiff's claims against Judge Ross are dismissed as judges have absolute immunity for their judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9,11 (1991); Stump v. Sparkman, 435 U.S. 349, 356 (1978); Young v. Selsky, 41 F.3d 47, 50 (2d Cir. 1994). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action [she] took was in error . . . or was in excess of [her] authority." Mireles, 502 U.S. at 11 (quotation omitted). See also Montero v. Travis, 171 F.3d 757, 760 (2d Cir.1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'") (quoting Neitzke v. Williams, 490 U.S. 319, 325, 327(1989)). Since all of plaintiff's claims arise from actions taken by Judge Ross in her official capacity as a judge, plaintiff's claims are foreclosed by absolute immunity.

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed. 28 U.S.C. § 1915 (e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**
Dated: Brooklyn, New York
May 20, 2008

ERIC N. VITALIANO
United States District Judge

2